**HYDE & SWIGART, APC**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3609
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*
Vanessa Thompson

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC, DOUGLAS, CHANCELLOR, MEYERS & ASSOCIATES, LLC, and SUN CASH OF SD, LLC,<br><br>Defendants. | Case No: '19CV0009 BEN BGS<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>(1) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.;<br>(2) CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.3;<br>(3) FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692, ET SEQ.;<br>(4) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-188.32<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Congress recognized consumers' frequent need for quick access to their accurate and unambiguous credit history in almost every essential aspect of their lives from employment and renting a place to live, to legitimate business needs, including extending a credit line or entering into important business transactions with others. *See e.g. Guimond v. TransUnion Credit Info. Co.*, 45 F. 3d 1329, 1333(9th Cir. 1995) ("The FCRA was the product of congressional concern over abuses in the credit reporting history."); *see also Kates v. Crocker National Bank*, 776 F.2d 1396, 1397 (9th Cir. 1985) (holding that FCRA was crafted to protect consumers from the transmission of inaccurate information about them).

2. As a result, Congress enacted and subsequently amended the Fair Credit Reporting Act to require both credit reporting agencies and furnishers of information to adopt reasonable procedures for meeting the needs of commerce for consumer credit information in a manner that is fair and equitable to the consumer. 15 U.S.C. § 1681s-2; *see also Nelson v. Equifax Info. Serv., LLC*, 522 F. Supp. 2d 1222, 1229 (C. Cal. 2007) (FCRA Section 1681s-2 imposes duties on furnishers of information to CRAs to help achieve the FCRA's purpose [to treat consumers fairly and equitably].")

3. Congress determined the banking system is dependent upon fair and accurate credit reporting and that inaccurate credit reports directly impair the efficiency of the banking system and undermine the public confidence. *See* 15 U.S.C. §1681(a). Congress' explicit purpose of enacting the Fair Credit Reporting Act was to require reasonable procedures for meeting the needs of consumer credit while doing so in a manner that is fair and equitable to consumers with regards to the confidentiality, accuracy, relevance, and proper utilization of such information. 15 U.S.C. §1681(b).

4.  Similarly, the California legislature addressed the vital role consumer credit reporting agencies as well as furnishers play in developing consumer credit information. Consequently, to best protect the interests of the people of the State of California, the California legislature adopted numerous procedures, similar to those of the FCRA.

5.  Furthermore, Congress and the California legislature gave also determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Congress and the legislature have further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

6.  Vanessa Thompson, ("Plaintiff"), through her attorneys brings this action for damages resulting from the illegal actions of Defendants TransUnion, LLC ("TransUnion"), Douglas, Chancellor, Meyers & Associates, LLC ("DCMA"), and Sun Cash of SD, LLC ("Sun Cash") (Collectively referred to as "Defendants") in reporting erroneous negative and derogatory information on Plaintiff's credit report and attempting to unlawfully and abusively collect a debt allegedly owed by Plaintiff in violation of: (i) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* ("FCRA"); (ii) the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code § 1785.1 *et seq*; (iii) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"); and (iv) the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") Cal. Civ. Code 1788-1788.32.

7. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

10. Any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

11. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## JURISDICTION & VENUE

12. This Court has federal question jurisdiction because this case arises out of violation of federal laws: the FCRA, 15 U.S.C. § 1681 *et seq.* and the FDCPA, 15 U.S.C. § 1692 *et seq.*

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1367 for supplemental state claims.

14. Because Defendants conduct business within the State of California, personal jurisdiction is established.

15. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

16. Plaintiff is, and at all times mentioned herein was a natural person, individual citizen and resident of the City and County of San Diego, State of California, in this judicial district. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the FCRA and Cal. Civ. Code § 1785.3(b).

17. Plaintiff is also a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by 15 U.S.C. § 1692a(3) and California Civil Code § 1788.2(h).

18. Defendant TransUnion is and at all times mentioned herein was, a FCRA-governed "consumer reporting agency". It is a Delaware limited liability company with its headquarters located in Illinois. Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.

19. TransUnion regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports.

20. Defendant DCMA is a Missouri limited liability company. Plaintiff alleges that at all times relevant herein, DCMA conducted business in the County of San Diego, State of California.

21. DCMA is a furnisher of information as contemplated by FCRA, 15 U.S.C. § 1681s- 2(a) & (b), which regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies ("CRAs"), about consumer transactions or experiences with any consumer.

22. Defendant Sun Cash is registered to conduct business in the state of California with a store located in Chula Vista, California.

23. Sun Cash, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil

Code § 1788.2(b), is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

24. Defendants, are and at all times mentioned herein were, "person[s]," as defined by 47 U.S.C. § 153 (39) and Cal. Civ. Code § 1788.2(g).

25. The causes of action herein pertain to Plaintiff's "consumer credit reports," as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA and California Civil Code section 1785.3(d) of the CCCRAA, in that inaccurate misrepresentations of Plaintiff's information was made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

26. Further, this case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(3) and Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

27. Prior to May 1, 2017, Plaintiff incurred certain financial obligations to Sun Cash for a $300 cash loan ("the Debt").

28. Subsequently, but still before May 1, 2017, Plaintiff fell behind on her obligation. Because this complaint alleges violations of the FDCPA and Rosenthal Act, the validity and circumstances surrounding the Debt are irrelevant and will be discussed only to provide context.

29. On May 1, 2017, Plaintiff filed for bankruptcy.

30. Plaintiff's Debt to Sun Cash was included in Plaintiff's bankruptcy petition.

31. All creditors, including Sun Cash were notified of Plaintiff's bankruptcy filing.

32. Subsequently, on August 1, 2017, the Debt was discharged pursuant to a court order that was mailed to Sun Cash by the bankruptcy court. The order advised Sun Cash that the Debt had been discharged.

33. Accordingly, as of August 1, 2017 or shortly thereafter, Sun Cash was aware that the debt had been discharged.

34. Sun Cash did not initiate an adversarial proceeding to have the debt declared "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

35. Sun Cash also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while Plaintiff's Bankruptcy was pending to pursue Plaintiff on any *personal* liability for any of the underlying Debts.

36. Plaintiff did not conduct any business nor incur any additional financial obligations with Sun Cash since the date of the discharge of her Bankruptcy.

37. However, after the Debt was discharged, Sun Cash failed to close Plaintiff's account and instead, continued falsely reporting the Debt to credit reporting agencies.

38. Through this conduct, Sun Cash was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not authorized. Consequently, Sun Cash violated 15 U.S.C. § 1692f(1) as incorporated by Cal. Civ. Code § 1788.17.

39. Despite not owing any money to Sun Cash at this point, following the Bankruptcy, Sun Cash assigned, placed, or otherwise transferred Plaintiff's discharged Debt to DCMA in violation of 15 U.S.C. §§ 1692f, 1692e(5), and 1692e(6) as incorporated by Cal. Civ. Code § 1788.17.

40. Post Plaintiff's Bankruptcy, by failing to close Plaintiff's account and instead representing that the account was open and owing to DCMA, Sun Cash's conduct further violated 15 U.S.C. § 1692e(2)(a) as incorporated by Cal. Civ. Code § 1788.17. (prohibiting the false representation of the "character, amount, or *legal status* of any debt.") (emphasis added).

41. Such false information sent nearly seven months after the Debt had been discharged violates 15 U.S.C. § 1692e(10) as incorporated by Cal. Civ. Code § 1788.17.

42. Attempting to initiate a "fresh start" and rebuild her credit following her Chapter 7 Bankruptcy, Plaintiff regularly reviewed her TransUnion credit report.

43. On July 1, 2018, Vanessa's credit score was 671 and there was no mention of DCMA or the discharged Debt.

44. Shortly thereafter, and over a year since Plaintiff filed for bankruptcy, on July 3, 2018, DCMA suddenly began erroneously reporting Plaintiff's account as open and placed for collection.

45. DCMA falsely reports the original creditor as Sun Financial. In fact, there is no entity named Sun Financial. Instead, DCMA misleadingly assigns this internal name to Sun Cash. DCMA's false representation of the original creditor is in violation of 15 U.S.C. § 1692e, 1692e(10).

46. To Plaintiff's shock and despite Plaintiff's efforts to rebuild her credit post-bankruptcy, on July 7, 2018, her credit score had drastically dropped 97 points to 574—the only difference being this inaccurate reporting.

47. Failure to report consistent with the discharge, DCMA furnished inaccurate and derogatory information as set forth herein. Indeed, DCMA reported information to TransUnion, a credit reporting agency, that it had reason to know or should have known was inaccurate. The bankruptcy court mailed Sun Cash a clear and unambiguous order that definitively discharged the Debt who in turn transferred this Debt to DCMA. DCMA, therefore, had explicit and authoritative evidence that the Debt was discharged, meaning no amount was due. Thus, Defendant knew or should have known that the information it provided to TransUnion was inaccurate. By reporting it, Defendant violated California Civil Code section 1785.25(a)

48. Similarly through DCMA's conduct—-"communicating . . . to any person credit information which is known or which should be known to be false. . ."— violates 15 U.S.C. § 1692e(8).

49. Further, DCMA's reporting was patently incorrect, misleading, and failed to comply with the Metro 2 Guidelines. In an effort to comply with the CCCRAA in the most efficient manner, consumer reporting agencies (such as Experian, Equifax, and Transunion) have adopted a uniform system to gather and report information about consumers as well as process and correct inaccuracies and disputes.

50. "Metro 2" is the credit reporting software that was developed as a standard for the credit reporting industry and provides one standard layout to be used by all furnishers of information to the consumer reporting agencies.

51. Metro 2 provides a resource guide to each user, which explains the proper procedures for reporting information, reporting on investigations, and correcting information.

52. Individual furnishers must be approved by each bureau to report information to that bureau.

53. Once approved, the furnishers are able to provide information to credit bureaus through the Metro 2 system.

54. Furnishers' utilization of the Metro 2 reporting standard correctly is crucial because the Metro 2 system creates a uniform standard for the meaning given to each field provided, which fosters consistency in how furnishers formulate data to report to the credit bureaus, which ultimately leads to objective credit evaluations.

55. By reporting inaccurate information to the credit bureaus, DCMA has misrepresented the status of Plaintiff's financial obligations, specifically Plaintiff's obligations for a discharged debt.

56. As a result of DCMA's improper and unauthorized conduct, Plaintiff has suffered actual damages.

57. Thereafter, Plaintiff called DCMA and disputed the erroneous information. During this phone call, DCMA quickly was able to verify the Debt had been discharged and would remove the derogatory information.

58. On July 18, 2018, Plaintiff, via certified mail, sent TransUnion a dispute regarding the incorrect credit information. Within this dispute, Plaintiff provided supporting documents including her bankruptcy petition listing Sun Cash, and explained DCMA's mistakes.

59. TransUnion was required to conduct a reasonable investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

60. Despite Plaintiff's mailed dispute letter, TransUnion failed to reasonably investigate. Instead, two days later, on July 20, 2018, TransUnion responded, "… the disputed item was verified as accurate."

61. Plaintiff continued to plead with TransUnion to remove this information that was clearly incorrect, yet for weeks, TransUnion refused to correct and update Plaintiff's information as required by the FCRA, 15 U.S.C. § 1681s-2(b)(1)(D) and (E), and the CCCRAA, Cal. Civ. Code § 1785.16(a), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C) and Cal. Civ. Code § 1785.16.

62. TansUnion's negative reporting of the Debt in light of its knowledge of that actual error was willful.

63. TransUnion's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Accordingly, TransUnion willfully and negligently failed to comply with its duty to reasonably investigate Plaintiff's dispute.

64. As a result of Defendants' improper and unauthorized conduct, Plaintiff has suffered actual damages due to Defendants' misrepresentations regarding Plaintiff's current obligations.

65. This erroneous reporting was extremely detrimental to Plaintiff's credit score, causing it to plummet, all the while Plaintiff had desperately been trying to repair her score after her Bankruptcy. Defendant's conduct therefore, adversely affected Plaintiff's credit decisions because credit guarantors are made aware of Plaintiff's current credit score during the application process

66. Plaintiff's right to be able to apply for credit based on accurate information has been violated, placing Plaintiff at increased risk of not being able to obtain valuable credit and adversely affecting Plaintiff's livelihood.

67. In fact because of Defendants' unlawful conduct, on December 14, 2018, Plaintiff was denied credit for, in pertinent part, "serious delinquency."

68. As a further direct and proximate result of Defendants' acts stated herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, suffered humiliation, embarrassment, anxiety, and emotional distress.

69. As a direct and proximate result of result of Defendants' willful and untrue communications, Plaintiff has suffered actual damages including, but not limited to, credit denial, reviewing credit reports, sending dispute letters, attorney's fees, and such further expenses in an amount to be determined at trial.

## COUNT I
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681 ET SEQ.
### [AGAINST DEFENDANTS TRANSUNION AND DCMA]

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including, but not limited to, each

and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681 *et seq.*

72. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant individually.

73. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant individually.

### COUNT II
### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE § 1785.1 ET SEQ.
### [AGAINST DEFENDANTS TRANSUNION AND DCMA]

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. The foregoing acts and omissions constitute numerous and multiple violations of the CCCRAA.

76. In the regular course of its business operations, Defendant DCMA routinely furnishes information to credit reporting agencies pertaining to transactions between DCMA and DCMA's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

77. TransUnion regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, for monetary fees, dues, or on a cooperative nonprofit basis. Cal. Civ. Code § 1785.3(d).

78. Because Defendants are a partnership, corporation, association, or other entity, and are therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known that the information was incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). The foregoing acts and omissions constitute numerous and multiple violations of the CCCRAA, including but not limited to numerous willful, reckless or negligent violations of CCCRAA § 1785.25(a) *et seq*.

79. As a result of each and every violation of the CCCRAA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2) (A); punitive damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1) and Cal. Civ. Code § 1785.31(d); and equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b).

## COUNT III
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.
### [AGAINST DEFENDANT DCMA]

80. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

81. The foregoing acts and omissions constitute multiple violations of the FDCPA, including but not limited to the above-cited provision of the FDCPA, 15 U.S.C. §1692 *et seq*.

82. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from DCMA.

## COUNT IV
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32 ET SEQ.
### [AGAINST DEFENDANTS DMCA AND SUN CASH]

73. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

74. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

75. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from each Defendant, as follows:

### COUNT I
### (AGAINST TRANSUNION AND DMCA)

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
- Statutory damages of $1,000.00 per violation per month of reporting, pursuant to 15 U.S.C. § 1681n(a)(1);
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief the Court may deem just and proper including interest.

## COUNT II
## (AGAINST TRANSUNION AND DMCA)

- An award of actual damages, in an amount to be determined at trial pursuant to Cal. Civ. Code §1785.31(a)(2)(A), against Defendant;
- An Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and
- Any and all other relief that this Court deems just and proper.

## COUNT III
## (AGAINST DCMA)

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief this Court should deem just and proper.

## COUNT IV
## (AGAINST SUNCASH AND DMCA)

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

83. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date:  January 3, 2019                    **Hyde & Swigart, APC**

                                          By: *s/ Yana A. Hart*
                                              Yana A. Hart, Esq.
                                              Attorney For Plaintiff
                                              Email: yana@westcoastlitigation.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Vanessa Thompson

### DEFENDANTS
TransUnion, LLC, Douglas, Chancellor, Meyers & Associates, LLC, and Sun Cash of SD, LLC

**(b)** County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joshua Swigart, Yana A. Hart, Hyde & Swigart, APC, 2221 Camino Del Rio S, Suite 101, San Diego, CA 92108, (619) 233-7770

Attorneys *(If Known)*
'19CV0009 BEN BGS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1681, et seq., 15 U.S.C. §1692, et seq.

Brief description of cause:
Violations of the FCRA and FDCPA

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/03/2019

SIGNATURE OF ATTORNEY OF RECORD: s/Yana A. Hart

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____