**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANESSA THOMPSON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TRANSUNION, LLC, a Delaware limited liability company; DOUGLAS, CHANCELLOR, MEYERS & ASSOCIATES, LLC, a Missouri limited liability company; and SUN CASH OF SD, LLC, <br><br> Defendant. | Case No.: 3:19-cv-00009-BEN-BGS <br><br> **ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD** <br><br> **[ECF No. 38]** |

## I. <u>INTRODUCTION</u>

On January 3, 2019, Plaintiff VANESSA THOMPSON, an individual ("Plaintiff") brought this action against Defendants TRANSUNION, LLC, a Delaware limited liability company ("Trans Union"); DOUGLAS, CHANCELLOR, MEYERS & ASSOCIATES, LLC, a Missouri limited liability company ("DCMA"); and SUN CASH OF SD, LLC ("Sun Cash") (collectively, "Defendants") for violations of (1) the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; (2) California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE § 1785.3; (3) Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*; (4) Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE §§ 1788-188.32.

Compl. However, on October 3, 2019, the Court closed this case given on all defendants had been dismissed *with prejudice*. *See* ECF 30, 31, and 37.

Although the case is closed, on April 2, 2021, Yana A. Hart, counsel for Plaintiff, filed the instant Motion to Withdraw as Counsel of Record (the "Motion"). ECF No. 38. She advises that Plaintiff will continue to be represented by the other counsel from Kazerouni Law Group, APC, and as such, would not be prejudiced. ECF No. 38 at 2. She also states that she seeks to withdraw because she was no longer an associate of the firm. Declaration of Yana A. Hart in Support of Motion to Withdraw, ECF No. 38-1 ("Hart Decl.") at 2, ¶ 2. Her declaration states that a copy of this motion was mailed to Plaintiff. *Id.* at 2, ¶ 3.

## II.  LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of court, permitting the party to either appear on the party's own behalf or substitute other counsel in as counsel of record. S.D. Cal. Civ. R. 83.3(f)(1); *see also P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020). Under the Local Rules, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. Civ. R. 83.3(k).

A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. Civ. R. 83.3(f)(3). "Failure to . . . file the required declaration of service will result in a denial of the motion." S.D. Cal. Civ. R. 83.3(f)(3)(b). California law governs issues of ethics and professional responsibility in federal courts. *See, e.g.*, *Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016) ("California law governs questions of conflicts of interest and disqualification"); *see generally* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 1 cmt. b (2000) ("Federal district courts generally have adopted the lawyer code of the jurisdiction in which the court sits, and all federal courts exercise the power to regulate lawyers appearing before them.");

*but see Unified Sewerage Agency of Washington Cty., Oregon v. Jelco, Inc.*, 646 F.2d 1339, 1342 n.1 (9th Cir. 1981) ("We express no opinion on the law to apply where the district court has not designated the applicable rules of professional responsibility (*e.g.*, state law, the Model Code of Professional Responsibility, or a federal common law of professional responsibility).").  Under Rule 1.16 of California's Rules of Professional Conduct, effective June 1, 2020, subdivision (a) governs mandatory withdrawal while subdivision (b) governs permissive withdrawal.

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, 2013 WL 163420 (S.D. Cal. Jan. 14, 2013); *see also Bernstein v. City of Los Angeles*, No. CV1903349PAGJSX, 2020 WL 4288443, at *1–2 (C.D. Cal. Feb. 25, 2020) (same).

## III. DISCUSSION

In the present case, Ms. Hart seeks permissive withdrawal because she is no longer a member of the law firm that represents Plaintiff.  Hart Decl. at 2, ¶ 2.  Ms. Hart has submitted the declaration required by the local rules attesting to service on her client and the parties.  *See* Hart Decl.  Although the Court questions whether the request is moot given there are no remaining defendants in this case, and the case is presently closed, *see, e.g.*, *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("[A]n issue is moot when deciding it would have no effect within the confines of the case itself.), the Court also finds no harm in granting the request.  Given the case is closed and Plaintiff will continue to be represented by other members of the firmed retained by Plaintiff, Kazerouni Law Group, APC, Plaintiff will suffer no prejudice by the Court granting this request.  Further, with no defendants in the case, none of the other parties will suffer prejudice by the Court granting the request.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** the Motion as follows:

1. Yana M. Hart's Motion to Withdraw as Counsel of Record is **GRANTED**.

2. The Clerk of Court shall update the docket to reflect the withdrawal of Ms. Hart, as counsel of record for Plaintiff.

3. Ms. Hart shall immediately serve Plaintiff with a copy of this Order and thereafter file a proof of service to confirm the same.

4. Because this case is closed, Plaintiff's counsel need not file any further motions to withdraw if any other members of Kazerouni Law Group, APC, the firm retained by Plaintiff, change in the future.

**IT IS SO ORDERED.**

DATED: April 15, 2021

**HON. ROGER T. BENITEZ**
United States District Judge